In the Matter of Donald R.
BITTERMAN, Debtor.

Francis H. McCLERNON, Jr., Plaintiff,

v.

Donald R. BITTERMAN, Defendant.

Bankruptcy No. 80–04189–3.
Adv. No. 82–0864–3.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Sept. 27, 1982.

Francis H. McClernon, Jr., pro se.

G. Spencer Miller, Kansas City, Mo., for
defendant.

FINDINGS OF FACT, CONCLUSIONS OF
LAW AND FINAL DECREE AND
JUDGMENT DECLARING THE LIA-
BILITY OF DEFENDANTS TO BE
DISCHARGEABLE IN BANKRUPT-
CY

DENNIS J. STEWART, Bankruptcy
Judge.

In this adversary action, a plaintiff who
is a state court receiver appointed to liqui-
date a partnership in which the defendant
and his wife and one Dan Martin were
partners, requests a nondischargeable judg-
ment for the value of property allegedly
taken from the partnership. The defendant
and his wife defend the action on the
grounds (1) that the dischargeability action
was untimely filed by the plaintiff, long
after the time initially established by the
court for filing nondischargeability com-
plaints had elapsed and (2) that their ac-
tions in taking the property were carried

out in reliance upon an attorney's opinion and therefore in good faith.

The trial of the merits of this action was convened by the court of bankruptcy on September 1, 1982, whereupon the plaintiff appeared personally and as his own counsel and the defendant and his wife appeared personally and by counsel, G. Spencer Miller, Esquire.

The hearing then conducted revealed the following relevant facts on the issue of the untimely filing. The plaintiff was not initially listed as a creditor in the schedules filed by the debtor Donald R. Bitterman with the petition for relief in this case. He gained actual knowledge, however, of these chapter 7 proceedings on February 16, 1981, over a year before he filed the nondischargeability complaint in this action on May 27, 1982. He states that the reason for the great delay in filing the nondischargeability complaint is that he was unaware of any requirement that a nondischargeability complaint of the species at bar was required to be filed in the bankruptcy court.

On the merits of the action, the uncontradicted evidence was to the effect that the defendant and his wife were in a partnership with Dan Martin, the business of which was selling jewelry at retail in Springfield, Missouri; that, in order to establish the business of the partnership, the defendant and his spouse initially contributed $20,921.66 to the partnership and later contributed the sum of $10,000; that, additionally, they were to be paid sums as sales commissions and for expenses rendered in connection therewith; that they were never paid those sums; that, because of the decline in sales or defalcations by Mr. Martin, the defendant and his wife became concerned about the future of the partnership; that the defendant attempted to get Mr. Martin to sign the "papers" which were necessary for incorporation and Mr. Martin refused to do so; that the business was closed; that the defendant and his spouse then consulted with an attorney who advised them that it was permissible under the law for them to remove the portion of the inventory and other property attributable to their interest in the property; that, on July 4, 1978, they accordingly entered the premises of the business in Springfield and removed "one-third to one-half" of the inventory and certain other property which they took into their own custody; that 90% of what they took they later turned over to the plaintiff receiver; that they sold certain of the property for the sum of $4,000 and otherwise utilized other of the property which had a value of some $1,300; and that they took only property of a value which did not exceed their contribution to the partnership and the sales commissions and expenses which they were to be awarded.

On the basis of the foregoing facts, the subjective good faith of the defendant and his spouse and their reliance upon an attorney's opinion is sufficient to exclude any finding of willful and malicious conversion within the meaning of § 523(a)(6) of the Bankruptcy Code. "(I)t is immaterial whether the Bankrupt's belief was reasonable ... A good faith belief, even though unreasonable, precludes a wilful and malicious intent." *Matter of Roberts,* 8 B.R. 291, 293 (W.D.Mo.1981) (Wright, J.). The only arguable ground of nondischargeability is that the conduct of the defendant created a liability "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" within the meaning of § 523(a)(4) of the Bankruptcy Code. It has been held in *In re Harris,* 458 F.Supp. 238 (D.Ore.1976), affirmed, 587 F.2d 451 (9th Cir.1978), that a partner who arrogates partnership opportunities to his own benefit is a "fiduciary" within the meaning of that statute. Ordinarily, it would appear that, under this rule, the taking of the partnership property would create a nondischargeable liability. This would be so even though the partner took, after apparent dissolution of the partnership, amounts only attributable or applicable to his initial contribution, for "partnership assets must first be used in the payment of partnership liabilities." 60 Am. Jur.2d *Partnership* § 306, p. 201 (1972). But, in the action at bar, this principle is obviated by the fact that the defendant's

**70**

bankruptcy would ordinarily have the effect of discharging those partnership debts which would apply against the defendant's share of the assets. For this reason, it is usually said that a good faith prebankruptcy taking of that part of partnership assets applicable to the taker's contribution does not have any recognizable vice. See 1A Collier on Bankruptcy para. 5.28, pp. 737, 738 (1976), to the following effect:

"The right of creditors of the partnership to payment out of the partnership property in preference to individual creditors is derivative in nature, the firm creditor being subrogated to the existing rights of one of the partners. Until the firm assets have been placed in *custodia legis,* the partners with consent of each other, may convert them into individual debts, or make any other disposition in good faith which does not constitute a voidable preference in bankruptcy."

There is nothing in the evidence to indicate that Mr. Martin did not consent, by acquiescence or otherwise, in the July 4, 1978, taking of property from the partnership premises which the defendant and his spouse regarded as attributable to their contribution to the partnership. Therefore, it would appear that the above and foregoing rule is applicable and that the alleged indebtedness must be deemed dischargeable.

The dischargeability complaint must also be denied for the separate and independent reason that it was not timely filed. The plaintiff's admission that he was unfamiliar with the requirement that a nondischargeability action of this type be filed in the bankruptcy court is not sufficient to warrant an enlargement of the time for filing the complaint.

Accordingly, it is therefore

ADJUDGED that the plaintiff's complaint be, and it is hereby, denied with the parties to abide their own costs.